UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

LEROY a/k/a DEREK LEROY McSMITH              CIVIL ACTION

VERSUS                                       NUMBER: 06-11379

UNITED STATES MARSHAL'S SERVICE,             SECTION: "C"(5)
ET AL.

                      **REPORT AND RECOMMENDATION**

    This matter is before the Court pursuant to an order of reference from the District Judge. (Rec. doc. 23). The Court hereby issues this Report and Recommendation with respect to plaintiff's claims against two of the named defendants which, if adopted by the District Judge, will leave two defendants remaining in this litigation.

    Plaintiff's original complaint, formally filed herein on January 5, 2007, named but one entity as a defendant, the United States Marshal's Service ("USMS"), and centered on plaintiff's allegations that said defendant had failed to provide him proof of service or had failed to effect service of plaintiff's original

and/or amended complaints in a number of other lawsuits he had initiated in this court.  (Rec. doc. 3).  As has become his <u>modus operandi</u> in the most recent of the numerous lawsuits he has filed in this forum, plaintiff promptly filed an amended complaint naming six more defendants and asserting additional causes of action that were unrelated to each other and to that set forth in his original complaint.  (Rec. doc. 6).[1]  Mercifully, plaintiff has since voluntarily dismissed his claims against three of those newly-added defendants, namely, Judge Berrigan, Pat Thomas, and the USMS, pursuant to Rule 41(a)(1)(i), Fed.R.Civ.P., and those parties are no longer before the Court.  (Rec. docs. 21, 22, 24).  Remaining as defendants in this case, then, are the United States, Minact, Inc., the State of Louisiana, and the U.S. Department of Labor.

    Plaintiff has instituted suit herein <u>in forma pauperis</u> pursuant to 28 U.S.C. §1915. A proceeding brought <u>in forma pauperis</u> may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, <u>Booker v. Koonce</u>, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted.  28 U.S.C. §1915(e)(2)(B)(ii). Giving plaintiff's pleadings a liberal reading, it is the

---

[1] The additional named defendants were the United States, Pat Thomas, Minact, Inc., the State of Louisiana, the Honorable Helen G. Berrigan, and the U.S. Department of Labor.  (Rec. doc. 6).

recommendation of the Magistrate Judge that the claims enumerated below be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

One of the claims set forth in plaintiff's amended complaint was that local postal officials had refused to deliver a piece of mail that was addressed to him.  (Rec. doc. 6, p. 6).  That claim was jointly asserted against Pat Thomas, who was identified as the Operational Supervisor of the Main Post Office, and against the United States which, plaintiff explained, he was required to do because "[a]n individual seeking relief from a federal agency has to list the United States as a defendant." (Id.).  As noted above, plaintiff voluntarily dismissed his claims against Pat Thomas after apparently prevailing on a local congressional office to intervene in the matter and receiving the disputed piece of mail that was addressed to him.  (Rec. doc. 22).  However, plaintiff's notice of voluntary dismissal as to Thomas makes no mention of the United States.  (Id.).  Since the mail-related claim set forth in plaintiff's amended complaint was asserted against Pat Thomas and the United States jointly, the failure to include the latter defendant in the notice dismissing the former may have been a mere oversight on plaintiff's part.  To the extent that plaintiff's omission was intentional, he makes no showing of having exhausted administrative remedies under the Federal Tort Claims Act ("FTCA")

before filing suit as required by 28 U.S.C. §2675.[2]/  <u>Taylor v. Administrator of Small Business Administration</u>, 722 F.2d 105, 110 (5th Cir. 1983).  Accordingly, plaintiff's claim against the United States should be dismissed under §1915(e)(2)(B)(i) and (ii).

As respects the remaining three defendants, plaintiff alleges that he responded to a flyer promoting an educational program to prepare participants for entry level positions in the hospitality industry which, he contends, contained an exclusive list of program eligibility requirements.  (Rec. doc. 6, ex. 1).  After tendering the necessary paperwork for a background check, submitting to alcohol and drug screening, and actually beginning the course, plaintiff states that he received a letter from Minact, Inc., the State of Louisiana's job training program, explaining that he was not eligible to participate.  (Rec. doc. 6, ex. 2).  Plaintiff seeks $1,000 per day due to "fraud" in the administration of the contract between Minact and the State and nullification of the contract itself.  Plaintiff also sues the U.S. Department of Labor, the original funding source, in an effort to have that agency terminate the contract between Minact and the State.

---

[2]/ Although the FTCA does not apply to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter", 28 U.S.C. §2680(b), plaintiff's amended complaint asserts that Thomas' refusal to deliver plaintiff's mail to him was an intentional act on her part.

Absent a specific and unequivocal waiver, sovereign immunity shields the federal government and its agencies from suit. FDIC v. Meyer, 510 U.S. 471, 475, 114 S.Ct. 996, 1000 (1994). Title VI of the Civil Rights Act, which is cited by plaintiff, does not constitute a waiver of the sovereign immunity that the U.S. Department of Labor otherwise enjoys. Dorsey v. U.S. Dept. of Labor, 41 F.3d 1551, 1554-55 (D. D.C. 1994). Accordingly, it will also be recommended that plaintiff's claim against the U.S. Department of Labor be dismissed pursuant to §1915(e)(2)(B)(i) and (ii).[3]

**RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's claims against the United States and the U.S. Department of Labor be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

---

[3] By separate order, the Court will direct that summons be re-issued as to Minact and the State so that this case may proceed as to them.

provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

New Orleans, Louisiana, this  29th  day of      October      , 2007.

                                        UNITED STATES MAGISTRATE JUDGE