```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

LEROY a/k/a DEREK LEROY McSMITH                CIVIL ACTION

VERSUS                                          NUMBER: 06-11379

UNITED STATES MARSHAL'S SERVICE, ET AL.        SECTION: "C"(5)

### REPORT AND RECOMMENDATION

Pro se plaintiff, Derek Leroy McSmith ("McSmith"), originally filed this proceeding against the United States Marshal's Service ("USMS"), alleging that said defendant had failed to effect service of complaints and amended complaints in a number of other lawsuits plaintiff had initiated in this court. (Rec. doc. 3). Plaintiff subsequently filed an amended complaint naming six more defendants and asserting additional but unrelated causes of action. (Rec. doc. 6). As a result of voluntary motions to dismiss and a previous Report and Recommendation by the undersigned, all defendants have been dismissed from this case except for Minact, Inc. and the State of Louisiana. (Rec. docs. 21, 22, 23, 24, 25, 28). On October 30, 2007, the Court ordered the Clerk to re-issue

summons as to Minact and the State which was accomplished that very day.  (Rec. doc. 27, 28).

In accordance with Local Rule 16.2E, after four months had passed and a review of the record revealed that no service returns or waivers of service had been filed therein indicating that service had been made on Minact or the State, the Court ordered plaintiff to show cause, in writing and on or before April 18, 2008, as to why his claims against said defendants should not be dismissed for failure to prosecute.  (Rec. doc. 29).  Plaintiff has failed to respond to the show cause order issued by the Court and there has been no further activity in this case.

Rule 4(m), Fed.R.Civ.P., provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  The jurisprudence has come to expect strict compliance with the service rules within the one hundred twenty-day period prescribed by Rule 4(m) and its predecessor. See, e.g., Lambert v. United States, 44 F.3d 296 (5th Cir. 1995); Peters v. United States, 9 F.3d 344 (5th Cir. 1993); McGinnis v. Shalala, 2 F.3d 548 (5th Cir. 1993), cert. denied, 510

U.S. 1191, 114 S.Ct. 1293 (1994); Trania v. United States, 911 F.2d 1155 (5th Cir. 1990).

It has now been nearly six months since summonses were re-issued as to the remaining two defendants, Minact and the State, and proof of service on them is still lacking from the record.  By issuing the show cause order, the Court hoped to bring this deficiency to the attention of plaintiff and to impress upon him the need to prosecute his case.  Unfortunately, plaintiff has not responded to the show cause order as directed and service has still not been effected upon the remaining two defendants.  As plaintiff is proceeding pro se in this matter, these failures are attributable to him alone.  Accordingly, it will be recommended that plaintiff's suit be dismissed with prejudice for failure to prosecute pursuant to Rule 4(m), Fed.R.Civ.P.

### RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed with prejudice for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Assn., 79 F.3d 1415 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __30th__ day of __April__, 2008.

*[signature]*
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE